■ In the Matter of DEUTSCH RELAYS, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.

There is no dispute that the petitioner violated the effluent emissions limitations of its New York State Pollutant Discharge Elimination System permit a total of 874 times between November 1983 and December 1986. During this period the petitioner failed to submit monthly noncompliance reports required pursuant to its permit, despite having been re-apprised of this requirement in April 1985. Thus, that portion of the total penalty imposed for these effluent emissions violations, totalling $635,000, was not so disproportionate to the nature of the offense as to be shocking to one's sense of fairness (see, Matter of Butterly & Green v Lomenzo, 36 NY2d 250, 255; Matter of Pell v Board of Educ., 34 NY2d 222, 233). This portion of the penalty was well within the statutory limits (see, ECL 71-1929 [1]; see also, Matter of Seneca Foods Corp. v Jorling, 168 AD2d 967), reflected the large number of violations involved (see, Matter of American Tr. Ins. Co. v Corcoran, 157 AD2d 629), and was in accord with the respondent DEC's internal guidelines. In any event, we note that the DEC's internal guidelines are not binding upon it (see, Matter of Duflo Spray-Chemical v Jorling, 153 AD2d 244).

However, we find that the record does not support the DEC's determination that the petitioner derived an economic benefit of $268,480 as the result of its failure to employ an alternative feasible technology to handle its wastewater. The petitioner expended substantial sums of money to construct, operate, and maintain its wastewater treatment facility. These

sums clearly would not have been expended had the alternative method of hauling the wastewater away to an approved treatment facility been adopted in the first instance, and they were not considered in the DEC's calculations. Therefore, under the facts of this case, it cannot be said that the petitioner necessarily benefited economically by its failure to employ the alternative method.

After the close of the hearing, the respondent DEC was granted leave to amend its complaint to demand an additional penalty of $153,000, predicated upon the petitioner's having knowingly and willfully failed to employ the alternative method of wastewater treatment for a period of 153 days. We find that the addition of this charge after the close of the hearing deprived the petitioner of its due process right to notice of the charges against it *(see, Matter of Murray v Murphy,* 24 NY2d 150, 157; *Matter of Sulzer v Environmental Control Bd.,* 165 AD2d 270; *Matter of Rivera v Rozzi,* 149 AD2d 514; *People v American Motor Club,* 133 AD2d 593; *Cruz v Lavine,* 45 AD2d 720). Therefore, the additional penalty of $153,000 is also annulled. Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.