**Keith E. LONESOME, Plaintiff,**

v.

**Diane A. LEBEDEFF, et al., Defendants.**

**No. 92 CV 1667.**

United States District Court,
E.D. New York.

April 16, 1992.

Keith E. Lonesome, pro se.

## ORDER

HURLEY, District Judge.

In the above-referenced action, plaintiff Keith E. Lonesome, ("plaintiff"), appearing *pro se*, sues various individuals based on an alleged conspiracy to violate his civil and constitutional rights, pursuant to 42 U.S.C. § 1983. Names as defendants are Diane A. Lebedeff, Charles A. Kuffner, Louis Sangiorgio, Anthony J. DeMarco, Harry R. Pollak, Lawrence N. Weiss, Bruce G. Behrins, Darryl M. Semple, and Florence B. Troia. Although plaintiff currently seeks the appointment of counsel to assist him in this litigation, for the reasons stated below the complaint is dismissed with leave to file an amended complaint.

In a complaint which extends over 452 paragraphs in 63 pages, plaintiff attempts to assert claims of "obstruction of justice," illegal use of lawyer's services, and "tampering with public records with intent to cover defendants' conspiracy to commit perjury with intent to defraud a tribunal," *see* Complaint at 1, all with an aim toward

violating plaintiff's constitutional rights. Although none of the factual predicates for the claims is clear, the Court can discern that "Article one" of the complaint alleges a conspiracy, during the course of 1985, "to induce plaintiff into a union with substantial fraud." Complaint at ¶ 38(a). "Article two" purports to allege a conspiracy, from 1985 to 1989, to "aggrandize falsification of plaintiff's medical history with intent to impede plaintiff's treatment for immunosuppressive therapy...." Complaint at ¶ 67. "Article three" asserts that certain defendants, during the time period 1986 to 1991, conspired to violate New York State Penal laws. "Article four" asserts a conspiracy during 1989 and lasting until 1990 to "assert falsified litigation with intent to give license and cover to defendant Lebedeff's wrong doing." Complaint at ¶ 174. "Article five," among many other allegations, alleges that certain defendants conspired to "entrap plaintiff in a blackmail scheme." Complaint at ¶ 175.

■■■ Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." In this circuit, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative ... to strike any portions that are redundant or immaterial ... or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988). "When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8." *Id.* (citations omitted). It is to be further noted that "the complaint of a *pro se* litigant should be liberally construed in his favor." *Id.* (citation omitted).

In *Salahuddin*, the Court found that a complaint spanning "15 single-spaced pages and contain[ing] explicit descriptions of 20–odd defendants" violated the mandate of Rule 8. 861 F.2d at 43. Consequently, the district court was found to have been within its discretion in dismissing the complaint, although error was assigned to the district court's failure to permit leave to amend. *Id.*

■■■ Given the analysis undertaken by the *Salahuddin* court, it is pointedly clear that the complaint at bar runs afoul of Rule 8. Indeed, the prolixity of the pleading is greatly compounded by its vague and incomprehensible allegations. Forcing defendants to answer such a pleading would fly in the face of the very purposes for which Rule 8 exists. *See id.* at 42 (noting that the purposes of Rule 8 are to "give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial," and to avoid undue prolixity which would place " 'an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage' ") (citations omitted). Accordingly, the complaint is dismissed without prejudice, in that plaintiff may file an amended complaint which complies with Rule 8 within 60 days of the date of this Order.[1]

SO ORDERED.

---

1. The Court notes that the current complaint is subject to dismissal on other grounds as well. In the first place, a claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage...." 42 U.S.C. § 1983. Thus, private parties are not generally liable. *Rendell–Baker v. Kohn*, 457 U.S. 830, 838–42, 102 S.Ct. 2764, 2769–72, 73 L.Ed.2d 418 (1982); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156–57, 98 S.Ct. 1729, 1733–34, 56 L.Ed.2d 185 (1978). Although it is not clear from the complaint, it appears that many defendants are private parties. Furthermore, to state a claim under this provision, a plaintiff must allege that he was deprived of a federally protected right. 42 U.S.C. § 1983. Finally, a three year statute of limitations applies to § 1983 violations occurring in New York. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).