■ In the Matter of NEW YORK SITE DEVELOPMENT CORPORATION et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [630 NYS2d 335] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation dated April 14, 1992, *inter alia,* finding that the petitioners operated a transfer station without a permit and fining them $1,000,000, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Dunkin, J.), dated April 27, 1993, which denied the petition, dismissed the proceeding, and directed that the $1,000,000 fine is payable by the petitioners individually, jointly, and severally.

Ordered that the order and judgment is affirmed, with costs.

In 1990, the New York State Department of Environmental Conservation (hereinafter DEC) served the petitioners, New York Site Development Corporation, New York Recycling

Corporation, and their president, Benjamin Rastelli, Sr., with a Notice of Hearing and Complaint alleging, *inter alia,* that the petitioners had illegally constructed and operated a solid waste transfer station, a recyclables handling and recovery facility, and a construction and demolition debris landfill in violation of 6 NYCRR part 360 and ECL article 27. Although each answered, the petitioners walked out of the scheduled hearing claiming that action on the instant complaint was foreclosed pursuant to the doctrines of res judicata and collateral estoppel. Ultimately, the charges against the petitioners were sustained and they were fined $1,000,000 (jointly and severally). On appeal, the petitioners press their arguments concerning res judicata and collateral estoppel and contend that the fine imposed was disproportionate to the offense and a violation of due process. Further, the petitioner Benjamin Rastelli, Sr., argues that liability for the fine was impermissibly imposed upon him in his individual capacity.

Res judicata prevents a party, or one in privity with it, from relitigating issues necessarily determined on the merits by a court of competent jurisdiction in a prior action *(see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481). Collateral estoppel, a corollary to the doctrine of res judicata, "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 500; *Tamily v General Contr. Corp.,* 210 AD2d 564). A party invoking either the doctrine of res judicata or collateral estoppel must show that the critical issue in the instant action was necessarily decided in the prior action and that the party against whom estoppel is sought has been afforded a full and fair opportunity to contest that issue *(see, Ryan v New York Tel Co., supra,* at 500-501; *Tamily v General Contr. Corp., supra).* Here, the proceeding allegedly giving rise to the petitioners' arguments was a prior CPLR article 78 proceeding between the corporate petitioners and the New York City Department of Sanitation (hereinafter DOS) concerning a permit for the facility at issue. However, the DOS and the DEC are separate agencies of the government and the violations alleged by the DEC in the instant proceeding were not material issues in the prior proceeding. Thus, the issues critical to this appeal were not decided in the prior proceeding and the DEC, a nonparty in the prior proceeding, did not have a full and fair opportunity to litigate its present claims. Accordingly, the doctrines of collateral estoppel and res judicata are not applicable *(see, e.g., Sherman v Ansell,* 207 AD2d 537; *Matter of Iliana C.,* 206 AD2d 473).

In addition, we find, in light of all the circumstances, that the penalty imposed on the petitioners was neither a violation of due process nor so disproportionate to the nature of the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Telesco v Village of Port Chester,* 211 AD2d 723; *Odette Rest. Corp. v New York State Liq. Auth.,* 210 AD2d 149; *Matter of Deutsch Relays v New York State Dept. of Envtl. Conservation,* 179 AD2d 756; *compare, Matter of Vito v Jorling,* 197 AD2d 822, 824).

Finally, Benjamin Rastelli, Sr.'s due process argument concerning his individual liability for the fine imposed is not properly before this Court since it was not raised at the Supreme Court *(see, Matter of Glazer v Hankin,* 50 AD2d 924). In any event, this argument and his remaining contentions concerning his individual liability are without merit. Rosenblatt, J. P., Ritter, Santucci and Krausman, JJ., concur.