■ NELSON BALDO et al., Appellants, v MARINE MIDLAND BANK, N.A., Respondent. [632 NYS2d 359] —Judgment unanimously affirmed without costs. Memorandum: On July 21, 1987, plaintiffs filed chapter 13 (11 USC ch 13) petitions in Bankruptcy Court listing defendant as a disputed claim creditor. Thereafter, on April 8, 1988, plaintiffs filed objections to defendant's claim, alleging that the debt claimed by defendant was not owed and requesting a hearing. Following a hearing on the validity of defendant's claim, Bankruptcy Court determined that plaintiffs were indebted to defendant in the principal amount of $77,062.62, with interest from February 3, 1987, allowed defendant's claim, and directed that plaintiffs pay as sanctions the reasonable costs and expenses of defendant. Plaintiffs' appeals from that order were dismissed by the United States District Court on the recommendation of the trustee who was appointed when plaintiffs converted their proceeding to a chapter 7 (11 USC ch 7) proceeding. While the appeals were pending, plaintiffs sold the real property that secured their obligation to defendant and discharged that obligation by paying defendant $102,868.90, which included the principal due, plus interest to date, and fees and expenses.

In their present action, plaintiffs allege, inter alia, that the $102,868.90 paid to defendant "was fraudulently collected on a loan that defendant's own records verify as being paid off." They contend that the Bankruptcy Court's decision is not res judicata and should not bar their present action because they did not discover that their obligation to defendant had been paid until May 7, 1992, when they received from defendant a facsimile of a letter dated March 19, 1992, stating that plaintiffs' account had been paid in full on February 5, 1987. We disagree.

"[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy [citation omitted]" (O'Brien v City of Syracuse, 54 NY2d 353, 357). Although " '[a] defendant cannot justly object to being sued on a part or phase of a claim that the plaintiff fails to include in any earlier action because of the defendant's own fraud' ", a plaintiff may not elude claim preclusion by suing under the rubric of fraud (Smith v Russell Sage Coll., 54 NY2d 185, 193, rearg denied 55 NY2d 878, quoting Restatement, Judgments 2d [Tent Draft No. 5], § 61.2, comment j). " '[E]ven if there are variations in the facts alleged, or different relief is sought, the separately stated "causes of action" may nevertheless be grounded on the same gravamen of

the wrong upon which the action is brought'. This holds true even when 'several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts or would call for different measures of liability or different kinds of relief' [citation omitted]" *(Smith v Russell Sage Coll., supra,* at 192).

There is nothing in the record to indicate that plaintiffs were not afforded a full and fair opportunity to litigate the issue of payment before Bankruptcy Court. They do not contend that they were precluded from introducing evidence of payment in the bankruptcy hearing. In the absence of a transcript of that hearing, we are unable to determine what evidence was introduced there or what considerations led the Bankruptcy Court to decide in favor of defendant.

Defendant's letter of March 19, 1992, advising that the account had been paid in full on February 5, 1987, is unexplained, but it does not affect the rationale of the res judicata doctrine or its application here. That doctrine does not rest " ' "wholly on the narrow ground of technical estoppel, nor on the presumption that the former judgment was right and just; but on the broad ground of public policy, that requires a limit to litigation, a curb to the litigiousness of the obstinate litigant. Like the Statute of Limitations, it is a rule of rest" ' " *(Matter of Haas,* 33 AD2d 1, 7, *lv denied* 26 NY2d 842, quoting *Eissing Chem. Co. v People's Natl. Bank,* 205 App Div 89, 91, *affd* 237 NY 532).

The contention that plaintiffs are entitled to a hearing to determine what issues were raised in the Bankruptcy Court hearing is without merit. No explanation is given for the failure of plaintiffs to include a transcript of that hearing in the record, but its absence does not necessitate a hearing. The issue sought to be litigated in this action, the liability of plaintiffs on their obligations to defendant, is the same as that litigated in and decided by Bankruptcy Court *(cf., Hines v City of Buffalo,* 79 AD2d 218). Supreme Court, therefore, properly dismissed plaintiffs' action as barred by res judicata. (Appeal from Judgment of Supreme Court, Monroe County, Kehoe, J.— Dismiss Complaint.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.