RESOURCE N.E. OF LONG ISLAND, INC., Verifacts Group, Inc. and Verifacts, Inc., Plaintiffs,

v.

THE TOWN OF BABYLON, Richard H. Schaffer, individually and as Supervisor of the Town of Babylon; Doug Jacob, individually and as Comptroller, Solid Waste Administrator and/or Finance Director of the Town of Babylon, and Ron Kluesener, individually and as Commissioner of Environmental Control for the Town of Babylon, Defendants.

No. CV 97–6945 ADS.

United States District Court, E.D. New York.

Nov. 30, 1998.

Murray & McCann, Rockville Centre, NY (Joseph D. McCann, William J. Kelleher, III, of counsel), for the plaintiffs.

John F. Carman, Garden City, NY, for defendant Ronald Kluesener.

William D. Wexler, North Babylon, NY, for defendant Doug Jacob.

Nixon, Hargrave, Devans & Doyle, Garden City, NY (Frank L. Amoroso, of counsel), for defendants Town of Babylon and Richard H. Schaffer.

## *MEMORANDUM OF DECISION AND ORDER*

SPATT, District Judge.

The plaintiffs' Complaint alleges violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, 42 U.S.C. § 1983 and a state law cause of action for common law fraud, all stemming from commercial garbage collection and disposal in the Town of Babylon. These claims arise from an alleged conspiracy by dishonest Town officials to award a lucrative, exclusive contract to a corrupt garbage hauler because of bribes, back-door schemes and illegal campaign contributions. At issue are two, separately-drafted motions to dismiss the Complaint under Rule 12(b)(6). The first is by Douglas Jacob ("Jacob"), the Babylon Comptroller, Solid Waste Administrator and Finance Director, and Ron Kluesener ("Kluesener"), the Commissioner of Environmental Control for the Town of Babylon. The second is by the Town of Babylon ("the Town")

and the Town Supervisor, Richard H. Schaffer ("Schaffer").

## 1. BACKGROUND

### A. The Town's Creation of a Commercial Garbage District

Many of the details surrounding the Town's creation of a commercial garbage district, which is the crux of this dispute, were set forth by the Second Circuit in *USA Recycling, Inc. v. Town of Babylon*, 66 F.3d 1272, 1276–80 (2d Cir.1995), where licensed garbage collectors unsuccessfully challenged the Town's waste management system on commerce clause grounds. Since the creation of the garbage district is critical to an understanding of the present dispute, those and related details warrant brief discussion in this opinion.

In 1986, the Town created a Residential Garbage Improvement Area (the "Residential District") to provide municipal garbage collection and disposal services to all Town residents, pursuant to New York Town Law §§ 54 and 198. In 1987, following a competitive bidding process, the Town contracted with Babylon Source Separation, Inc., to collect residential refuse and to provide recycling services in the Residential District. That same year, the Town passed a flow control ordinance that required all solid waste collected within Babylon to be disposed of at a location designated by the Town, and specified the Town incinerator as the only permissible disposal site. The ordinance also required garbage haulers to pay "tipping fees" to the Town for each ton of garbage delivered there.

However, several years later, the United States Supreme Court struck down a similar town ordinance which mandated the processing of all solid waste at a local, privately owned transfer station. *C & A Carbone, Inc. v. Town of Clarkstown*, 511 U.S. 383, 114 S.Ct. 1677, 128 L.Ed.2d 399 (1994). In response to the *Carbone* opinion, Babylon created the Commercial Garbage Collection District No. 2 (the "District"), covering most commercial properties in the Town. The Town then mandated the uniform municipal collection and disposal of waste generated in the District, and replaced the myriad contracts between individual businesses and the seventeen haulers licensed to collect commercial waste in Babylon. *Id.* at 1278–79.

In 1994, following an ostensibly competitive bidding procedure—the plaintiffs allege it rigged—the Town entered a five-year Service Agreement with Babylon Source Separation Commercial, Inc. to provide garbage hauling services to all improved commercial property within the District.

### B. The Plaintiffs' Lawsuit in Federal Court

The three plaintiffs, Resource N.E. of Long Island, Inc. ("Resource"), Verifacts Group, Inc. ("Verifacts Group") and Verifacts, Inc. commenced this action on December 1, 1997 by filing a Complaint which spans 97 pages and 442 paragraphs, plus two exhibits. The Complaint alleges three theories of recovery: RICO, § 1983 violations of due process and equal protection, and New York State common law fraud.

Resources' claims arise from its unsuccessful bid for the exclusive service contract for commercial garbage disposal in the Town. The Complaint alleges that the Town awarded the contract to BSSCI over Resource because of bid-rigging, collusion, influence peddling, fraud, bribery, forgery and violations of State procurement laws.

Verifacts Group's claims stem from the Town's failure to perform an alleged contract between the Town and Verifacts Group, under which Verifacts Group was to be paid for serving as the Collection Agreement Management Office ("CAMO") for the Commercial Garbage District. Reduced to its essence, Verifacts Group complains that the Town breached the CAMO contract by undermining the authority and independence of the CAMO Monitor, and eventually eliminating the position altogether, in deference to the demands of BSSCI, which sought to operate the Commercial Garbage District without any oversight (Complaint at ¶¶ 307–16).

The claims of Verifacts, Inc., a sister corporation of Verifacts Group (Complaint, ¶ 315), arise from the Town's purported breach of a contract under which Verifacts,

Inc. was to provide "claims management service" for the Town. Under this one-year contract with the Town, beginning in 1994, Verifacts, Inc. was responsible for investigating personal injury and property tort claims against the Town (Complaint at ¶ 315). The Town allegedly refused to issue any further payments on the claims management contract for work done in 1996 on the ground that no extension of the claims management contract was entered into following conclusion of the one-year contract in 1995.

Reduced to its essence, the Complaint alleges that the Town officials named as defendants accepted bribes and illegal campaign contributions to benefit BSSCI and its related company, Trinity Transportation, and the Town, in exchange, established the Commercial Garbage District, awarded an exclusive contract for the removal of trash to BSSCI and breached the respective contracts with Verifacts, Inc. and Verifacts Group.

## C. The Prior Proceedings in State Court

### 1. *Resource's Prior Lawsuit*

After losing its bid for the contract, Resource initiated a proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR") by filing a petition against the Babylon Town Board and BSSCI in New York State Supreme Court, Suffolk County, on or about January 24, 1995 (Defendants' Exhibit E: the Article 78 petition). The gravamen of the Article 78 petition was that the Town violated New York Municipal law by denying the contract to Resource, which was the lowest bidder, and that "the award of the Contract to BSSCI was accomplished by a process of manipulation and bad faith." (Defendants' Exhibit E: the Article 78 petition). The petition sought a judgment vacating the contract award to BSSCI and awarding the contract to Resource.

In a decision dated March 26, 1996, the Honorable William L. Underwood, Jr. granted the Town's motion to dismiss the petition pursuant to CPLR 7804, stating that:

An Article 78 proceeding should not be utilized to allow a Court to substitute its discretion for that of an administrative agency (citation omitted). We may only exercise our power of intervention when it is manifest that the respondents' actions are arbitrary and capricious (citation omitted).

Initially, we find that the Town's use of General Municipal Law .... was proper (citation omitted). In examining the submitted record of the respondent Town's finding ... it appears that the respondents conducted their inquiry in non-conclusory fashion and came to a finding which was supported by the record. Therefore, this Court *cannot* conclude that the respondent, Town of Babylon, acted "without sound basis in reason and ... without regard to the facts" (citation omitted)

Accordingly, the petition is denied and the motion to dismiss is granted.

(Defendant's Exhibit F: Decision of Hon. William L. Underwood, Jr., dated March 26, 1996) (emphasis supplied).

Resource did not take an appeal to the Appellate Division from this decision.

### 2. *Verifacts, Inc.'s Prior Lawsuit*

On or about December 19, 1996, Verifacts, Inc., filed a Complaint in the Supreme Court, Suffolk County against the Town, seeking to recover damages for breach of contract and unjust enrichment (Defendant's Exhibit G: Verifacts, Inc.'s New York State court Complaint).

Thereafter, the parties executed an undated Stipulation of Settlement, which the Honorable Alan D. Oshrin "So Ordered" on an undisclosed date. The Stipulation provides:

Plaintiff Verifacts, Inc. ("Verifacts") and defendant, the Town of Babylon ("the Town"), by their respective counsel, hereby stipulate and agree that the captioned matter ("the Claims Litigation") is settled on the following terms and conditions:

1. The Town agrees that it will pay to Verifacts [a sum of money][1] on or about

---

1. To preserve the spirit of the confidentiality clause, the Court's written opinion will not dis-

close the amount of the settlement.

January 15, 1998, but in no event later than January 22, 1998 plus interest at a rate of 9% per annum from October 14, 1997. This payment shall be *in full settlement of all claims by Verifacts relating to the putative contract to provide claims services between Verifacts and the Town.*
2. Verifacts agrees that its dispute with the Town over the Claims Litigation and this settlement Stipulation are confidential.....

(Defendants' Exhibit H: Stipulation of Settlement) (emphasis added).

On January 15, 1998, the parties entered into a Stipulation of Discontinuance With Prejudice (Defendants' Exhibit I: Stipulation of Discontinuance With Prejudice). On the same date, Verifacts, Inc. signed a "General Release" which expressly pertained only "to an action bearing Index No. 96–31640," the index number assigned to the State court action (Defendants' Exhibit J: General Release). Specifically, the release provided that Verifacts, Inc.:

> "in consideration of the sum .... received from the Town of Babylon ... releases and discharges the Town of Babylon, its successors, assigns and agents from all actions, causes or action, suits, debts, dues, sums of money, accounts, ... and demands whatsoever in law, ... which against the releasee, the releasor, releasor's ... ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this release."

### 3. *Verifacts Group's Prior Lawsuit*

In September 1996, Verifacts Group filed a Complaint against the Town in the Supreme Court, Suffolk County. Like Verifacts, Inc.'s Complaint, Verifacts Groups' State court Complaint alleged breach of contract and unjust enrichment (Defendants' Exhibit L: Verifacts Groups' state court Complaint). In its motion for summary judgment in that matter, the Town maintained that the agreement with Verifacts was void, because it was not authorized by the Town Board and executed by the Town Supervisor as New York Town Law § 64(6) required. In a decision

dated September 24, 1998, the Honorable John J.J. Jones, Jr. granted the Town's motion for summary judgment and dismissed Verifacts Group's Complaint. Without going into all the details of this opinion, Judge Jones agreed with the Town and concluded that the CAMO contract between the Town and Verifacts Group did not comply with Town Law § 64(6).

## I. DISCUSSION

### A. Standard of Review: The Defendants' 12(b)(6) Motion to Dismiss the Complaint

On a motion to dismiss for failure to state a claim, the Court should dismiss the Complaint pursuant to Rule 12(b)(6) if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their Complaint which would entitle them to relief. *S.E.C. v. U.S. Environmental, Inc.,* 155 F.3d 107, 1998 WL 559027 (2d Cir.1998); *Northrop v. Hoffman of Simsbury, Inc.,* 134 F.3d 41 (2d Cir.1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 [1957] ). It is not the Court's function to weigh the evidence that might be presented at a trial; instead, the Court must merely determine whether the Complaint is legally sufficient. *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985). Thus, the Court must accept the allegations of the Complaint as true, and construe all reasonable inferences in favor of the plaintiffs. *Connell v. Signoracci,* 153 F.3d 74 (2d Cir.1998); *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996); *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir. 1991).

The Court is mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice", Fed.R.Civ.P. 8(f). The issue before the Court on a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995), *cert.*

*denied,* —— U.S. ——, 117 S.Ct. 50, 136 L.Ed.2d 14, (1996). Recovery may appear remote and unlikely on the face of the pleading, but that is not the test for dismissal. *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995) (quoting *Weisman v. LeLandais,* 532 F.2d 308, 311 [2d Cir.1976] [per curiam] ).

"In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the Complaint or in documents attached the Complaint [and answer] as exhibits or incorporated ... by reference." *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 662 (2d Cir.1996) (quoting *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 [2d Cir.1991] ); *Paulemon v. Tobin,* 30 F.3d 307, 308–09 (2d Cir.1994). Here, the Court will also consider the prior state court proceedings referred to in the Complaint, in addition to the facts alleged in the Complaint.

### B. The Motion to Dismiss by the Defendants on the Ground of Claim and Issue Preclusion

The defendants move to dismiss the Complaint on the ground that the plaintiffs' claims are barred under claim preclusion (res judicata) and issue preclusion (collateral estoppel). A party may properly raise a challenge based on theories of preclusion in a motion to dismiss pursuant to Rule 12(b)(6). *See Thompson v. County of Franklin,* 15 F.3d 245, 253 (2d Cir.1994).

A federal court must accord the same preclusive effect to a state court decision that a state court would give it. *See Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *see also* 28 U.S.C. § 1738 (implementing the Full Faith and Credit Clause of the United States Constitution). This Court, therefore, must determine what effect the New York courts would give to the prior State court judgments. *See Brooks v. Giuliani,* 84 F.3d 1454, 1463 (2d Cir.1996); *Kelleran v. Andrijevic,* 825 F.2d 692, 694 (2d Cir.1987).

New York courts have adopted a transactional approach to res judicata, so that a final decision on the merits in one action bars all subsequent claims arising out of the same transaction or series of transactions, even if the claims are based upon different legal theories or the party is seeking a different remedy. *Brooks v. Giuliani,* 84 F.3d at 1463 (citing *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 445 N.Y.S.2d 687, 429 N.E.2d 1158 [1981] ); (*Smith v. Russell Sage College,* 54 N.Y.2d 185, 445 N.Y.S.2d 68, 71, 429 N.E.2d 746 [1981] ). In determining what "factual grouping" constitutes a "transaction" or "series of transactions," a court looks at how "the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Smith,* 445 N.Y.S.2d at 71, 429 N.E.2d 746; *Reilly v. Reid,* 45 N.Y.2d 24, 29–30, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978); *Coliseum Towers Assocs. v. County of Nassau,* 217 A.D.2d 387, 637 N.Y.S.2d 972, 975 (2d Dept.1996) *Bauer v. Planning Bd. of Village of Scarsdale,* 186 A.D.2d 129, 587 N.Y.S.2d 726, 727 (2d Dept.1992). The judgment is conclusive as to matters that were or might have been litigated when "the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first." *Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp.,* 250 N.Y. 304, 306–07, 165 N.E. 456 (1929).

Under long accepted principles, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983) (Once a final judgment has been entered, "[i]t is a finality as to the claim or demand in controversy ... not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."); *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424,

2428, 69 L.Ed.2d 103 (1981). Thus, once a claim is brought to its final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if the latter are based on different theories, seek different remedies, or allege different facts. *See Coliseum Towers,* 637 N.Y.S.2d at 974; *Bauer,* 587 N.Y.S.2d at 727. This holds true even when the various legal theories depend on "different shadings of the facts, or [ ] emphasize different elements of the facts," or necessitate "different measures of liability or different kinds of relief." *Smith v. Russell Sage College,* 54 N.Y.2d 185, 192, 445 N.Y.S.2d 68, 429 N.E.2d 746 (1981); *Baldo v. Marine Midland Bank, N.A.,* 219 A.D.2d 807, 632 N.Y.S.2d 359, 360 (4th Dept. 1995); *Woods,* 972 F.2d at 38–39 (previous LMRA action precluded Title VII action because factual predicates were the same); *Saud v. Bank of New York,* 929 F.2d 916, 919–20 (2d Cir.1991) (affirmative defense of fraud in previous action precluded fraud allegation in RICO action because both claims arose from same transaction); *Norman,* 873 F.2d at 638 (RICO claim for retaliatory harassment barred by previous dismissal of Energy Reorganization Act and civil rights claims based on same core of operative facts); *Yaba v. Roosevelt,* 961 F.Supp. 611, 621–22 (S.D.N.Y.1997) (Section 1981 harassment claim based on racial animus was "substantially or essentially the same claim" as previous attempt to litigate Section 1981 claim based on sex); *Hernandez v. Cunningham,* 914 F.Supp. 72, 75 (S.D.N.Y.1996) (Title VII and Section 1983 actions constituted same cause of action because same factual predicate was involved); *Bloomquist v. Brady,* 894 F.Supp. 108, 114–15 (W.D.N.Y.1995) (dismissal of libel and infliction of emotional distress claims barred subsequent Title VII action based on same set of underlying facts).

### 1. *Resource's Prior Article 78 Proceeding*

In the Court's view, the plaintiffs' Section 1983, RICO and common law fraud claims are not barred.

■ With respect to the civil rights cause of action, "[c]laim preclusion generally does not operate to bar a § 1983 suit following the resolution of an Article 78 proceeding, since

the full measure of relief available in the former action is not available in the latter." *Colon v. Coughlin,* 58 F.3d 865, 870 n. 3 (2d Cir.1995) (citing *Davis v. Halpern,* 813 F.2d 37, 39 [2d Cir.1987]; *Davidson v. Capuano,* 792 F.2d 275, 278–82 [2d Cir.1986] ). In the Court's opinion, the same holds true for the RICO and the common law fraud claims. An Article 78 proceeding seeks extraordinary relief, and generally review is carefully limited to the whether the body or officer proceeded without or in excess of jurisdiction, or made a determination that was arbitrary and capricious or an abuse of discretion. *See* C.P.L.R. § 7803. These were the standards applied in the State court's decision. The carefully circumscribed Article 78 petition should therefore not bar this subsequent suit and the full panoply of remedies possibly available. Accordingly, the Court finds that Resource's claims are not barred by preclusion, and denies the defendants' motions in that regard.

### 2. *Verifacts, Inc.'s Prior Settlement With the Town*

■ The same cannot be said for Verifacts, Inc.'s claims. As noted previously, Verifacts, Inc. entered into a Stipulation of Settlement with the Town of Babylon, which the Honorable Alan D. Oshrin "So Ordered." That settlement provided that the Town would pay Verifacts, Inc. $82,000.00 *"in full settlement of all claims by Verifacts relating to the putative contract to provide claims services between Verifacts and the Town."* (Defendants' Exhibit H: Stipulation of Settlement) (emphasis added). Pursuant to the stipulation, Verifacts, Inc. executed a general release, which states, in part:

> "in consideration of the sum .... received from the Town of Babylon ... releases and discharges the Town of Babylon, its successors, assigns and agents from all actions, causes or action, suits, debts, dues, sums of money, accounts, ... and demands whatsoever in law, ... which against the releasee, the releasor, releasor's ... ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from

the beginning of the world to the day of the date of this release."

As the Second Circuit stated in *Samuels v. Northern Telecom, Inc.,* 942 F.2d 834, "A stipulation dismissing an action with prejudice can have the preclusive effect of res judicata." *Id.* at 837. In *Samuels,* the plaintiff, an African American man, had been fired less than one month after giving deposition testimony damaging to his employer in a civil rights suit. Samuels filed an action for employment discrimination in federal court under 42 U.S.C. § 1981 and Title VII. While that case was pending, the Supreme Court handed down its decision in *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), which implied that § 1981 did not cover employment discrimination. *Samuels v. Northern Telecom, Inc.,* 942 F.2d at 835. Based on this decision, Samuels agreed to dismiss his action with prejudice. Later, after obtaining a right to sue letter from the EEOC, Samuels filed a second action alleging violations of Title VII. *Id.* at 836. The Second Circuit affirmed the district court's dismissal of the second action under the doctrine of res judicata, writing:

> Res judicata may not be avoided on the basis of overbroad pleading appearing in the initial complaint or an attorney's ill-considered decision to enter into an all-encompassing stipulation of withdrawal with prejudice.
>
> .    .    .    .    .
>
> Faced with these disturbing allegations, it would have been preferable if plaintiff could have his day in court. Unfortunately, however, that possibility is foreclosed by the circumstances presented herein, even if they were only inadvertent. .

942 F.2d at 837.

A straightforward application of the well-settled principles set forth above dictates that the Verifacts, Inc. suit be dismissed. Once Verifacts, Inc.'s claim was brought to its final conclusion in state court, all other claims arising out of the same transaction or series of transactions became barred, even though the latter, federal cause of action is based on different theories, seeks different remedies, and alleges additional facts. *See Coliseum Towers,* 637 N.Y.S.2d at 974; *Bauer,* 587 N.Y.S.2d at 727. Verifacts, Inc., cannot escape this result by pointing to "different shadings of the facts, or [ ] emphasiz[ing] different elements of the facts." *Smith v. Russell Sage College,* 54 N.Y.2d 185, 192, 445 N.Y.S.2d 68, 429 N.E.2d 746 (1981). Thus, it is of no moment that the federal lawsuit alleges RICO, Section 1983 and common law fraud theories, as opposed to the contract claims raised in the prior state court lawsuit. The Settlement expressly applied to *"all claims* by Verifacts relating to the putative contract to provide claims services between Verifacts and the Town."

The Court is not persuaded by Verifacts, Inc.'s argument that because the General Release "pertains to an action bearing Index No. 96–31640 only"—the index number assigned to the State court suit—the settlement has no preclusive effect in this Court. If anything, the General Release *expands* the reach of the settlement, which unambiguously applies to "all claims" arising from the putative contract.

■■■ The question remains whether the stipulation with the Town also precludes the lawsuit as against the defendants Schaffer, Jacob and Kluesener in their official and individual capacities. Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party *or those in privity,* whether or not the tribunals or causes of action are the same" *Ryan v. New York Tel. Co.,* 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984) (emphasis added); *Matter of New York Site Dev. Corp. v. New York State Dept. of Envtl. Conservation,* 217 A.D.2d 699, 630 N.Y.S.2d 335 (N.Y.A.D.2d Dept.1995). In the Court's opinion, it is appropriate to permit these individual defendants to invoke preclusion "even though they were not parties to the state court proceeding. Mutuality of estoppel is no longer an essential part of collateral estoppel doctrine." *Wilder v. Thomas,* 854 F.2d 605, 621 (2d Cir.1988) (Citations omitted). "There is no reason in this case to permit plaintiffs to relitigate an issue that was [settled] in state

court merely because they have joined additional defendants this time around.... The central question is whether the plaintiffs have had their day in court, [ ], and the answer here is 'yes.'" *Id.*

Accordingly, Verifacts, Inc.'s claims are dismissed in their entirety.

### 3. *Verifacts Group's Prior Lawsuit*

For similar reasons, the Court concludes that Judge Jones's decision, granting the Town's motion for summary judgment and dismissing Verifacts Group's Complaint, precludes this lawsuit against all the defendants. Judge Jones' opinion was undoubtedly a "final judgment on the merits of an action [which] precludes [Verifacts Group from] relitigating issues that ... could have been raised in that action." *Allen v. McCurry*, 449 U.S. at 94, 101 S.Ct. 411. Verifacts Group cannot accomplish an end run around this result by couching the federal lawsuit as a RICO, Section 1983 or common law fraud cause of action. Once the state lawsuit arising from Verifacts Group's contract with the Town was brought to its final conclusion, "all other claims arising out of the same transaction or series of transactions are barred, even if the latter are based on different theories, seek different remedies, or allege different facts." *See Coliseum Towers*, 637 N.Y.S.2d at 974; *Bauer*, 587 N.Y.S.2d at 727. Accordingly, the fact that Verifacts Group now asserts that the Town breached the contract because of racketeering activity, due process and equal protection violations or fraud is merely a "different shadings of the facts," which has no impact on the preclusive impact of Judge Jones' opinion, which is the law of the case. *Smith v. Russell Sage College*, 54 N.Y.2d at 192, 445 N.Y.S.2d 68, 429 N.E.2d 746; *Baldo v. Marine Midland Bank, N.A.*, 632 N.Y.S.2d at 360 (4th Dept. 1995); *Woods*, 972 F.2d at 38–39.

Further, just as the Court found with respect to Verifacts, Inc.'s settlement, "There is no reason in this case to permit [Verifacts Group] to relitigate an issue that was decided adversely against [it] in state court merely because [it has] joined additional defendants this time around." *Wilder v. Thomas*, 854 F.2d at 621. Therefore, the Court concludes

that the State court judgment in favor of the Town precludes the lawsuit as against the defendants Schaffer, Jacob and Kluesener in their official and individual capacities.

Accordingly, the claims of Verifacts Group are dismissed in their entirety.

### C. **Rule 8: The Standard**

Having dismissed the claims of Verifacts, Inc. and Verifacts, Group, the Court now turns its attention to Resource, the remaining plaintiff. While the defendants do not expressly move for dismissal under Rule 8, the Court raises the issue, *sua sponte*, based on its review of the Complaint.

Fed.R.Civ.P. 8 provides, in relevant part, that a complaint "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). In addition, Rule 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." The purpose of Rule 8 is to ensure that courts and adverse parties can understand a claim and frame a response to it. The Second Circuit has observed that:

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1281, at 365 [1969] ) (additional internal citations omitted). "When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo*, 49 F.3d 83, 86–87 (2d Cir.1995) (citing *Salahuddin v. Cuomo*, 861 F.2d at 42). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise un-

intelligible that its true substance, if any, is well disguised." *Id.* (quoting *Salahuddin,* 861 F.2d at 42). The Second Circuit has instructed that if the District Court dismisses the complaint for failure to comply with Rule 8, it generally should afford the plaintiff leave to amend. *Id.* (citing 5 Wright & Miller, Federal Practice and Procedure § 1281, at 366–67; 2A Moore's Federal Practice P 8.13, at 8–81 to 8–82 n. 38).

The Court finds several opinions from courts within this Circuit to be instructive. For example, in *Moscowitz v. Brown,* 850 F.Supp. 1185 (S.D.N.Y.1994), the Court dismissed a complaint after giving the plaintiff three opportunities to replead. The amended complaint contained an astounding array of charges, ranging from religious discrimination to defamation to insider trading to prostitution. *Id.* at 1190. The plaintiff also charged that the New York City Police Department, his former employer, was "an effective subsidiary" of Goldman, Sachs & Co., a prominent New York investment bank. *Id.* The Court concluded that the complaint was "a labyrinthian prolixity of unrelated and vituperative charges." *Id.* (quoting *Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir.1972) (per curiam), *cert. denied,* 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 [1973] ). Similarly, in *Lonesome v. Lebedeff,* 141 F.R.D. 397 (E.D.N.Y.1992), a pro se plaintiff brought an action alleging a conspiracy to violate his civil rights pursuant to 42 U.S.C. § 1983. In a complaint containing 452 paragraphs in 62 pages, he made numerous "vague and incomprehensible allegations." *Id.* at 398. The Court dismissed the complaint pursuant to Rule 8, and granted the plaintiff leave to file an amended complaint within twenty days.

In *Salahuddin,* the Court of Appeals found that the district court acted within its discretion in dismissing a complaint spanning "15 single-spaced pages and contain[ing] explicit descriptions of 20–odd defendants." 861 F.2d at 43. Nevertheless, the Court of Appeals assigned error to the district court's failure to permit leave to amend, since, despite its length, the complaint "clearly plead[ed] at least some claims that cannot be termed frivolous on their face." *Id.*

With these standards in mind, it becomes "pointedly clear that the Complaint . . . runs afoul of Rule 8. Indeed, the prolixity of the pleading is greatly compounded by its [occasionally] vague . . . allegations. Forcing defendants to answer such a pleading would fly in the face of the very purposes for which Rule 8 exists, [by placing] an unjustified burden on the court and the [parties] who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Lonesome v. Lebedeff,* 141 F.R.D. at 398 (internal citations omitted).

Here, the Complaint is a staggering 97 pages, and contains more than 442 paragraphs. In addition, two documents are attached to the Complaint, and, according to the plaintiffs, incorporated by reference in their entirety: (1) a State court indictment against the individual defendants; and (2) a federal, criminal information against Douglas Rotondi, a local developer, charging him with paying approximately $10,000 to unnamed Town of Babylon officials to avoid problems relating to his failure to obtain the required certificates of occupancy for homes he was building and selling.

In the Court's opinion, the Complaint is excessively long-winded and redundant. This wordiness is unjustified, given that there are only four defendants and a relatively straightforward scheme lies at the heart of Resource's allegations. Significantly, Judge Dearie has observed that "The fact that plaintiffs assert . . . RICO claims does not justify [a] verbose complaint." *Pahmer v. Greenberg,* 926 F.Supp. 287, 294 n. 2 (E.D.N.Y.1996), *affirmed sub nom., Shapiro v. Cantor,* 123 F.3d 717 (2d Cir.1997) (citing *Vicom, Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771, 776 [7th Cir.1994] ). "[A]lthough RICO complaints often might need to be somewhat longer than many complaints, RICO complaints must meet the requirements of Rule 8(a)(2) and Rule 8(e)(1)." *Id.*; *see also Ouaknine v. MacFarlane,* 897 F.2d 75, 79 (2d Cir.1990) (holding in a RICO case that Rule 9(b)'s particularity requirement "must be read together with [R]ule 8(a)") (citations omitted).

For the foregoing reasons, the Complaint in its present form is hereby dismissed, with-

out prejudice, as unnecessarily prolix and in violation of Rule 8. Resource is granted leave to replead within 30 days of the date of the entry of the Order. The Second Circuit has instructed that where a district court exercises its discretion to dismiss a complaint under Rule 8, the plaintiff generally should be granted leave to amend. *Salahuddin*, 861 F.2d at 43. This is especially true where, as here, the Complaint is not entirely "incomprehensible, and it ... pleads at least some [aspects of Resource's] claims that cannot be termed frivolous on their face." *Id.* While Resource will have to pare the Complaint significantly to satisfy Rule 8, it cannot be said that this will be an impossible or futile effort.

By the same token, in drafting the amendments, Resource is admonished that, if its Amended Complaint merely recycles the Complaint, it will be dismissed with prejudice. The Amended Complaint shall meet the requirements of Rule 8 to set forth a short and plain statement of the claims asserted and a simple statement of the same grounds on which relief is demanded, without duplication. In view of this decision, the defendants' motions for dismissal pursuant to Rule 12(b)(6) are denied, without prejudice and with leave to renew after Resource files an Amended Complaint.

## II. CONCLUSION

Having reviewed the parties' submissions and heard oral argument, and for the reasons set forth above, it is hereby

**ORDERED,** that the defendants' motions to dismiss the Complaint at to the plaintiffs Verifacts Group and Verifacts, Inc. pursuant to Rule 12(b)(6) are granted; and it is further

**ORDERED,** that pursuant to Rule 8 of the Federal Rules of Civil Procedure, on the Court's motion, the Complaint is dismissed as to the plaintiff Resource, without prejudice, and with leave to file an Amended Complaint within thirty (30) days from the date of this Order, namely, on or before December 30, 1998 by 5:00 p.m.; and it is further

**ORDERED,** that the defendants' motions to dismiss the Complaint as to the plaintiff

Resource pursuant to Rule 12(b)(6) are denied, without prejudice and with leave to renew in the event Resource opts to file an Amended Complaint; and it is further

**ORDERED,** that in the event Resource opts to file an Amended Complaint, the caption of this case shall be amended to read as follows:

RESOURCE N.E. OF LONG ISLAND, INC., Plaintiff,

–against–

THE TOWN OF BABYLON, RICHARD H. SCHAFFER, individually and as Supervisor of the Town of Babylon, DOUG JACOB, individually and as Comptroller, Solid Waste Administrator and/or Finance Director of the Town of Babylon, and RON KLUESENER, individually and as Commissioner of Environmental Control for Town of Babylon, Defendants.

**SO ORDERED.**