■ ROSEMARY TORIOLA, Appellant, v JOSEPH KAHEN et al., Respondents. [785 NYS2d 709]—In an action, inter alia, to vacate a judgment of possession of the Civil Court, Queens County, entered March 29, 2001, in a proceeding entitled *Matter of Kahen v Woutersz,* filed under Index No. 57859/01, the plaintiff appeals from (1) so much of an order of the Supreme Court, Queens County (Taylor, J.), dated January 2, 2003, as denied her motion to vacate the judgment of possession, and (2) an order of the same court dated February 20, 2003, which denied her motion for leave to amend the summons and complaint to add a defendant, and, sua sponte, directed that the complaint be dismissed with prejudice.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal from that portion of the order dated February 20, 2003, as, sua sponte, directed that the complaint be dismissed with prejudice is treated as an application for leave to appeal and leave to appeal is granted; and it is further,

Ordered that the order dated January 2, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 20, 2003, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court properly denied the plaintiff's motion to vacate the judgment of possession of the Civil Court, and in the second order appealed from, properly directed that the action be dismissed. The merits of the motion and the action were necessarily determined by the Appellate Term in a decision dated November 20, 2002 (*Matter of Kahen v Woutersz,* Index No. 1165/01), and thus are barred by the principles of res judicata (*see Gramatan Home Inv. Corp. v Lopez,* 46 NY2d 481, 485 [1979]; *cf. Matter of New York Site Dev. Corp. v New York State Dept. of Envtl. Conservation,* 217 AD2d 699, 700 [1995]).

In view of the foregoing, the plaintiff's remaining contention is academic. Smith, J.P., Crane, Mastro and Skelos, JJ., concur.