■ JYOTI CHITTUR et al., Appellants, v BRIARCLIFF WOODS CON-DOMINIUM ASSOCIATION, INC., Respondent. [790 NYS2d 151]—

In an action, inter alia, to recover for damage to property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered November 3, 2003, as denied their motion for summary judgment on the issue of liability, and granted that branch of the defendant's cross motion which was for leave to renew that branch of its prior motion which was pursuant to CPLR 3211 (a) (5) to dismiss the cause of action to recover damages sustained as a result of "Hurricane Floyd" on September 16, 1999, which was denied, without prejudice to renewal, in an order of the same court entered March 17, 2003, and upon renewal, granted that branch of the motion and dismissed that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, inter alia, seek to recover for damage to their property following "Hurricane Floyd" on September 16, 1999. However, in a prior action entitled *Chittur v Common Elements Admin.* (Westchester County index No. 109223/00), a jury returned a verdict finding, inter alia, that the damage to the plaintiffs' property following "Hurricane Floyd" was not the result of negligence, but rather, was an Act of God.

The doctrine of res judicata prevents a party and those in privity with it from relitigating issues that were determined on the merits by a court of competent jurisdiction in a prior action (*see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]; *Matter of New York Site Dev. Corp. v New York State Dept. of Envtl. Conservation*, 217 AD2d 699, 700 [1995]). Therefore, insofar as the plaintiffs' cause of action seeking to recover damages to their property following "Hurricane Floyd" on September 16, 1999, was previously determined on the merits in a prior action, the Supreme Court properly dismissed it.

Further, the plaintiffs failed to establish their prima facie entitlement to summary judgment. Accordingly, the denial of their motion for summary judgment on the issue of liability was proper.

The plaintiffs' remaining contentions are without merit. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.