**RESOURCE N.E. OF LONG ISLAND, INC., Plaintiff,**

v.

**TOWN OF BABYLON, Richard H. Schaffer, individually and as Supervisor of the Town of Babylon, Douglas Jacob, individually and as Comptroller, Solid Waste Administrator and/or Finance Director of the Town of Babylon, and Ronald Kluesener, individually and as Commissioner of Environmental Control for the Town of Babylon, Defendants.**

No. 97–CV–4764 (ADS).

United States District Court, E.D. New York.

Jan. 3, 2000.

Murray & McCann, Rockville Center, NY, by Joseph McCann, and William Kelleher III, of counsel, for plaintiff.

Nixon, Hargrave, Devans & Doyle, LLP, Garden City, NY, by Frank L. Amoroso, of counsel, for defendants Town of Babylon and Richard H. Schaffer.

John F. Carman, Garden City, NY, for Ronald Kluesener.

William D. Wexler, North Babylon, NY, for Doug Jacob.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves allegations of fraud and bribery under the Civil RICO Act and Section 1983, brought by dissatisfied bidders on a garbage hauling contract against the Town of Babylon ("the Town") and the Town officers who awarded the contract. Presently before the Court are the Defendants' motions to dismiss the Amended Complaint under Rule 12(b)(6) and Plaintiffs' Verifacts Group, Inc. and Verifacts, Inc. (collectively "Verifacts") motions for this Court to reconsider its earlier dismissal of Verifacts' claims.

### BACKGROUND

This is the second time this case has been before this Court, and the factual background of the dispute that has been extensively described in *Resource N.E. of Long Island, Inc. v. Town of Babylon*, 28 F.Supp.2d 786 (E.D.N.Y.1998) is deemed incorporated in this decision. Briefly, the Plaintiffs allege that the competitive bidding held by the Town of Babylon to award a commercial garbage hauling contract was actually rigged, and that Plaintiff ReSource N.E. of Long Island, Inc. ("ReSource"), the alleged low bidder on the contract, was passed over in favor of a company that had secretly made several bribes to Town officials. ReSource's Amended Complaint alleges four causes of action: a claim under the Civil RICO Act, 18 U.S.C. § 1961, based on predicate acts of bribery and mail fraud; a claim that the Defendants participated in a RICO conspiracy; Section 1983 claims that the town

deprived ReSource of property without due process of law and in violation of its right to equal protection; and a claim of common law fraud against the Defendants based on their false statements regarding the fairness of the bidding process.

The Defendant Town of Babylon moves to dismiss the complaint against it pursuant to Rules 8, 9, and 12(b)(6). It contends that the Amended Complaint is needlessly redundant and prolix in violation of Rule 8, despite this Court's prior dismissal of the complaint with leave to replead. The Town also contests ReSource's standing to sue as an unsuccessful bidder under Section 1983, denying that ReSource has a property interest resulting from its bid and arguing that ReSource fails to allege violations of the Equal Protection and Due Process clauses of the Constitution. The Town further states that those same arguments warrant dismissing ReSource's claim that the Town conspired to violate ReSource's civil rights under Section 1983. The Town's motion also seeks dismissal of the common law fraud claim on the grounds that it fails to describe the alleged fraudulent statements and the speaker of them with the particularity required by Rule 9(b). Finally, the Town challenges the claims under RICO and the request for punitive damages against the Town officials in their official capacities.

Defendant Richard Schaffer, Supervisor of the Town of Babylon, moves separately to dismiss the complaint against him under Rules 9(b) and 12(b)(6). Schaffer contends that ReSource's RICO and RICO conspiracy claims should be dismissed, since they fail to plead predicate acts of mail fraud with the specificity required by Rule 9(b), because the allegations of mail fraud rely on mailings to persons other than ReSource, and because the allegations of predicate acts of bribery are not adequately pled. Schaffer also seeks dismissal of the RICO claims on the basis that the Amended Complaint fails to allege a "pattern of racketeering activity," in that the alleged predicate acts are not related or

continuous, and because the Amended Complaint does not sufficiently allege a RICO "enterprise." Finally, Schaffer claims that, to the extent a Section 1983 violation is alleged, he is protected by the doctrine of qualified immunity.

Defendants Kluesener and Jacob also move to dismiss the Amended Complaint against themselves, relying on the arguments put forward by the Town and Schaffer.

### DISCUSSION

In ruling on a motion under Fed. R.Civ.P. 12(b), the court is to look only to the allegations of the complaint and any documents attached to or incorporated by reference in the complaint, *Newman & Schwartz v. Asplundh Tree Expert Co.,* 102 F.3d 660, 662 (2d Cir.1996); to assume all well-pleaded factual allegations to be true; and to view all reasonable inferences that can be drawn from such allegations and documents in the light most favorable to the plaintiff. *Dangler v. New York City Off Track Betting Corp.,* 193 F.3d 130, 1999 WL 742403 (2d Cir.1999). A complaint may not be dismissed under Rule 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996), *citing Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991). The issue to be considered by the Court is not whether a plaintiff will ultimately prevail, but merely whether the claimant is entitled to offer evidence to support the claims. *Id., citing Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995).

### A. As to compliance with Rule 8

■ The Town first moves for dismissal of the Amended Complaint on the grounds that it violates Rule 8, which states that a pleading shall contain "a short and plant statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that directs that "each aver-

ment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e); *Resource N.E. of Long Island, Inc. v. Town of Babylon,* 28 F.Supp.2d 786, 794 (E.D.N.Y.1998); *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). Because the purpose of Rule 8 is to ensure that the courts and adverse parties can understand a claim and frame a response to it, *id.,* dismissal of a complaint for noncompliance with Rule 8 is usually reserved for cases in which the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo,* 49 F.3d 83, 86–87 (2d Cir.1995).

■ This Court previously dismissed the Plaintiff's original 97–page, 442–paragraph complaint, finding in "excessively long winded and redundant." *Resource,* 28 F.Supp.2d at 795. Resource's Amended Complaint weighs in at 49 pages and 215 paragraphs, although it incorporates by reference an additional 35 pages of questionably relevant indictments. Taken as a whole, the Amended Complaint is still needlessly prolix and somewhat redundant, but is not so opaque as to defy understanding or prevent the Defendants from answering. The causes of action are sufficiently delineated and describe the alleged unlawful acts and the Defendants responsible for them with enough particularity that those Defendants can formulate a response to them. Therefore, the Town's motion to dismiss the entire Amended Complaint on the basis of noncompliance with Rule 8 is denied.

### B. As to Resource's Section 1983 claims

ReSource alleges in its Amended Complaint that the Town's failure to select it for the garbage hauling contract, even though it was the lowest bidder, constituted a deprivation of ReSource's constitutional rights to due process and equal protection.

**(i) As to the claim for violation of due process**

■ In order to state a claim under Section 1983 for violation of due process, a plaintiff must first show that a government entity deprived it of a right secured by the constitution or by law. *Finley v. Giacobbe*, 79 F.3d 1285, 1286 (2d Cir.1996), *citing Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). A plaintiff must have a property interest in a benefit that is "more than an abstract need or desire for [the benefit ... The plaintiff] must, instead, have a legitimate claim of entitlement to it" under state or federal law in order to state a Section 1983 claim. *Id.,citing Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ Here, ReSource's Section 1983 claim is based on an argument that, by being the lowest bidder on the hauling contract, it has obtained a property right to have the contract awarded to it. However, New York law is clear that the lowest bidder on a public works contract does not obtain a vested interest in a public works contract. *Impact Shipping, Inc. v. City of N.Y.*, 1997 WL 297039 (S.D.N.Y. 1997) *citing Conduit & Foundation Corp. v. Metropolitan Transp. Authority*, 66 N.Y.2d 144, 495 N.Y.S.2d 340, 485 N.E.2d 1005 (1985). This is especially true where the contract is awarded pursuant to a state statute like the one here, N.Y.Gen.Mun.L. § 102–w, which, as ReSource acknowledges, does not simply require the contract to be automatically awarded to the lowest bidder, but vests discretion in the Town to exercise its discretion in selecting the most beneficial bid. When official action is discretionary, "one's interest in a favorable decision does not rise to the level of a property right entitled to procedural due process protection." *Walentas v. Lipper*, 862 F.2d 414, 419 (2d Cir.1988), *cert. denied*, 490 U.S. 1021, 109 S.Ct. 1747, 104 L.Ed.2d 183 (1989) *quoting RR Village Ass'n, Inc. v. Denver Sewer Corp.*, 826 F.2d 1197, 1202 (2d Cir.1987); *see also*

*Transcontrol Corp. v. Metropolitan Tran. Auth.*, 1987 WL 12090 (S.D.N.Y.1987) (holding that rules and regulations requiring Transportation Authority to award contract to lowest responsible bidder contemplated exercise of discretion and thus did not confer protected property interest on the low bidder).

■ While ReSource acknowledges that the Town had the statutorily granted discretion to subjectively evaluate the bids, it nevertheless argues that the Town abused that discretion, and that, absent such abuse, ReSource would certainly have been awarded the contract. *Citing Sullivan v. Town of Salem*, 805 F.2d 81 (2d Cir.1986) (claim of entitlement exists where, absent the alleged denial of due process, there is a certainty that the benefit would have been granted to the plaintiff). Both premises of this argument are flawed. Although ReSource alleges that the Town acted arbitrarily in selecting BSSCI, the New York State Supreme Court in *Matter of Resource, N.E. of Long Island*, Index No. 95–01795 (Sup.Ct. Suffolk County 1996) found in an Article 78 proceeding that the Town's evaluation of the bids was not arbitrary or capricious and that the award of the contract to BSSCI was supported by facts in the record. ReSource's failure to appeal this decision prevents it from contending here that the Town's decision was arbitrary. While this Court previously held that the issues in the Article 78 case and the broad issues in the instant case were not sufficiently similar to apply collateral estoppel principles, *see* 28 F.Supp.2d at 792, ReSource's argument here that the Town's decision was arbitrary is precisely the issue that the state court ruled on, and ReSource is estopped from contending otherwise.

■ In any event, even if ReSource could show that the Town arbitrarily rejected its bid, under the broad discretion vested in the Town by Gen.Mun.L. § 120–w, ReSource cannot show with "certainty" that its bid would have been selected if the

Town had acted properly. N.Y.Gen. Mun.L. § 120–w(4) states that "the municipality may make a contract award to *any* responsible proposer ... based on a determination by the municipality that the selected proposal is most responsive to the request for proposals...." Given the broad discretion conferred on the Town by section 120–w, and additional allegations in the complaint such as the fact that BSSCI and its owners already have existing contracts with the Town for sanitation services, ReSource cannot demonstrate with certainty that, had the Town properly exercised the discretion, it would have been awarded the contract. *See Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54, 59 (2d Cir.1985) (dismissing Section 1983 claim by auto junkyard owner seeking zoning variance where zoning board could properly have used the substantial discretion afforded it by statute to deny a variance).

### (ii) As to the claim of violation of equal protection

■ To state a valid cause of action under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that: (1) compared with others similarly situated, the plaintiff was selectively treated; and (2) such selective treatment was based on impermissible considerations, such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person. *Crowley v. Courville,* 76 F.3d 47, 52–53 (2d Cir.1996) (citations omitted); *FSK Drug Corp. v. Perales,* 960 F.2d 6, 10 (2d Cir.1992). Second Circuit decisions have been careful to apply each prong of the test separately, finding the failure to satisfy either inquiry fatal to the plaintiff's claim. *See e.g. Zahra,* 48 F.3d at 684 (recognizing that even where the plaintiff presents evidence of selective treatment, failure to demonstrate malice or bad faith requires dismissal of the claim). A mere demonstration of different treatment from persons similarly situated, without more, does not establish malice or bad faith. *Id.* at 684 ("The

evidence suggesting that [plaintiff] was 'treated differently' from others does not, in itself, show malice.")

■ Here, even assuming that ReSource could show that it was treated differently from others similarly situated, the Amended Complaint fails to contain any facts suggesting that such treatment resulted from the Town's malicious intent to injure it. To the contrary, the theme of the Amended Complaint is that the Defendants' actions were done with the intention of aiding BSSCI, not intentionally injuring ReSource. There are no facts in the Amended Complaint from which the Court could infer that the Defendants' actions were done with the deliberate purpose of injuring ReSource. Therefore, ReSource's Section 1983 claim grounded in equal protection must be dismissed, with leave to replead within 10 days of the date of this order.

ReSource's third cause of action is therefore dismissed. Because the Court is dismissing all of ReSource's Section 1983 claims, the arguments by Defendants Schaffer, Jacob, and Kluesener that they are protected against such claims by the doctrine of qualified immunity are moot.

### C. As to the RICO claims

■ A basic civil RICO claim has seven elements. 18 U.S.C. § 1962. A plaintiff must allege:

(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce.

*Pinnacle Consultants v. Leucadia Natl. Corp.,* 101 F.3d 900 (2d Cir.1996); *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 17 (2d Cir.1983) *cert. den. sub nom Moss v. Newman,* 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984). A "pattern" is defined

as two or more related acts that amount to or pose a threat of continuing criminal activity, *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989), while "racketeering activity" is defined by 18 U.S.C. § 1961(1) to include bribery and mail fraud. *Id.* If a plaintiff satisfies the initial pleading requirements, he must then sufficiently allege that he was "injured in his business or property by reason of a violation of section 1962." *Id.*

Defendant Schaffer, in a motion joined by Defendants Jacob and Kluesener, move to dismiss ReSource's civil RICO claims on the grounds that the Amended Complaint fails to adequately plead any predicate acts of "racketeering activity," a "pattern" connecting the predicate acts, and the existence of an "enterprise." The Court will address each of these arguments in turn.

### (i) The alleged predicate acts

The predicate acts necessary to demonstrate "racketeering activity" are listed in 18 U.S.C. § 1961(1), and include mail fraud, wire fraud, and extortion. These acts are defined by state and federal criminal law. *U.S. v. Angelilli*, 660 F.2d 23, (2d Cir.1981). The Amended Complaint alleges two types of predicate acts: mail fraud and acceptance of bribes.

### (a) Mail fraud

The crime of mail fraud is defined by 18 U.S.C. § 1341, and makes a person guilty of that crime where that person

> having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises ... for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service.

The crux of mail fraud is the "intent to defraud," *U.S. v. Bouyea*, 152 F.3d 192, 194 (2d Cir.1998); *U.S. v. Gabriel*, 125 F.3d 89, 96 (2d Cir.1997), and to establish such intent, the plaintiff must demonstrate that "defendants contemplated some actual harm or injury to their victims." *U.S. v. Dinome*, 86 F.3d 277, 283 (2d Cir.1996); *U.S. v. D'Amato*, 39 F.3d 1249, 1257 (2d Cir.1994). Although the statute speaks of schemes to deprive the victim of "money or property," courts have read this language broadly to encompass schemes to deprive the victim of "the intangible right of honest services." *U.S. v. Walker*, 191 F.3d 326, 1999 WL 691822 (2d Cir.1999); *U.S. v. Amiel*, 95 F.3d 135 (2d Cir.1996); 18 U.S.C. § 1346. It is not essential that the defendant actually undertake the mailing, so long as it was reasonably foreseeable that a third-party would use the mails in the ordinary course of business as a result of the defendant's acts. *U.S. v. Bortnovsky*, 879 F.2d 30, 36 (2d Cir.1989). Nor is it necessary that the plaintiff show that the scheme depended on the use of the mails; rather the plaintiff need show only that a mailing caused by the defendant was "incident to an essential part of the scheme." *U.S. v. Laljie*, 184 F.3d 180, 188 (2d Cir.1999); *U.S. v. Bortnovsky*, 879 F.2d 30, 36 (2d Cir.1989).

Read in the light most favorable to ReSource, the Amended Complaint adequately alleges that the Defendants had an intent to deprive ReSource of a public service—namely, the right to bid competitively on the Town contract. *Accord Sterling Interiors Group, Inc. v. Haworth, Inc.*, 1996 WL 426379 (S.D.N.Y.1996) (finding that quoting of rigged bids to potential customers is a form of fraud). The Amended Complaint also suffices, albeit just barely, to allege that the Defendants carried out this intent by means of a scheme involving fraudulent misrepresentations. For example, the Amended Complaint asserts that Defendant Schaffer fraudulently advised ReSource by a letter on November 22, 1994 that bids would be accepted no later than 10:00 am on that

day, yet the Town allowed BSSCI to submit a bid after that deadline. The Amended Complaint also alleges that at a meeting in early November, 1994, Defendants Jacob and Kluesener advised ReSource that the Town was seeking "the lowest, most responsible bidder," when, in fact, the Town had already decided to contract with BSSCI. While the Court has substantial doubt as to whether these statements have been alleged with sufficient particularity under Rule 9(b), much less whether they could support an actionable case of fraud, at this stage the Court must resolve those doubts in favor of ReSource. Thus, the Court finds that ReSource has, albeit weakly, sufficiently alleged the existence of a fraudulent scheme.

Having found that the Amended Complaint alleges a fraudulent scheme, the Court also finds that the use of the mails was incident to an essential element of the scheme. The Amended Complaint specifically alleges that some of the communications between the parties regarding the bidding process were made by mail, including the November 22, 1994 letter from Schaffer to ReSource. Thus, predicate acts I–III in the Amended Complaint are sufficient to survive the Defendants' motions to dismiss. However, the Court finds that predicate acts IV, V, and VIII, which allege that the Defendants committed mail fraud involving mailings to or from Verifacts Group, Inc., Trinity Transportation, Inc., and the State of New York, are not incident to the Town's scheme to defraud ReSource, and the Amended Complaint fails to allege with the requisite specificity of Rule 9(b) any fraudulent scheme by the Town to defraud those entities. In any event, ReSource could not demonstrate that it had been injured by any such schemes. Therefore, the Court finds that predicate acts IV, V, and VIII fail to support ReSource's RICO claims.

### (b) Bribery

ReSource's only other category of predicate acts involve the alleged receipt of bribes by the Defendants. Predicate act VI alleges that Defendant Jacob accepted a bribe in excess of $10,000 from principals of BSSCI in violation of N.Y.Penal L. § 200.11 and 200.25, while Predicate Act VII alleges that Defendants Jacob, Kluesener, and Schaffer accepted bribes in the form of campaign contributions in July and August of 1995 from BSSCI principals in violation of N.Y.Penal L. § 200.10 and 200.25.

Bribery constitutes a racketeering activity under 18 U.S.C. § 1961(1)(a) if it is chargeable under state law and punishable by a sentence of imprisonment for more than one year. A crime of Bribe Receiving in the Third Degree, a felony, occurs when a public servant "solicits, accepts, or agrees to accept a benefit from another person upon an agreement or understanding that his vote, opinion, judgement, action, decision, or exercise of discretion will thereby be influenced." N.Y.Penal L. § 200.10. Bribe Receiving in the Second Degree, N.Y.Penal L. § 200.11, occurs when the value of the benefit received is in excess of $10,000. Finally, the crime of Receiving Reward for Official Misconduct in the Second Degree, N.Y.Penal L. § 200.25(m) occurs when "a public servant agrees to accept any benefit from another person for having violated his duty as a public servant." The crime of bribery is complete upon the formation of the agreement or understanding, and it is not necessary that the recipient take the agreed upon action. *People v. Tran*, 80 N.Y.2d 170, 589 N.Y.S.2d 845, 603 N.E.2d 950 (1992); *People v. Charles*, 61 N.Y.2d 321, 473 N.Y.S.2d 941, 462 N.E.2d 118 (1984).

The allegations in the complaint are sufficient to allege the predicates acts of Bribe Receiving and Receiving Reward for Official Misconduct. The Amended Complaint adequately alleges the Defendants received benefits in exchange for agreeing to have their votes or opinions influenced. Since the New York State Penal Law defines "benefit" to include "any

gain or advantage to a third person pursuant to the desire or consent of the beneficiary," N.Y.Penal L. § 10.00(17), the allegation that the individual Defendants agreed to be influenced by campaign contributions made by BSSCI's principals to a Democratic Committee fund-raiser is sufficient to meet the elements of bribery under New York State law. Therefore, the Court finds that the Amended Complaint sufficiently alleged Predicate Acts VI and VII.

### (ii) Pattern of Racketeering activity

■ A "pattern" requires at least two acts of racketeering activity occurring within ten years of each other. 18 U.S.C. § 1961(5). In addition, these predicate acts must be related and constitute a threat of continued racketeering activity. *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 238–44, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *U.S. v. Alkins,* 925 F.2d 541, 551 (2d Cir.1991). The relationship among predicate acts may be shown by "proof of their temporal proximity, or common goals, or similarity of methods." *U.S. v. Indelicato,* 865 F.2d 1370, 1382 (2d Cir.1989).

ReSource has sufficiently alleged that the predicate acts of mail fraud and bribery are related, in that they share the common goal of obtaining the commercial garbage hauling contract for BSSCI and maintaining it on terms favorable to BSSCI. Moreover, the Court finds that the Amended Complaint sufficiently alleges that the Defendants will continue to engage in illegal activity to favor BSSCI in future dealings involving the administration of the hauling contract. The Amended Complaint alleges that following the award of the contract to BSSCI, Town officials accepted bribes to alter the original bidding terms to favor BSSCI. Although the Amended Complaint contains no other facts demonstrating that the Defendants' scheme will continue, the Court can reasonably infer from the post-award adjustment of the terms of the contract that subsequent negotiations involving BSSCI and the eventual re-bidding of the contract may be affected by similar illegal activity. While the Court is reluctant to supplement the weak pleading of the Amended Complaint with such a crucial inference, the standards to be applied in ruling on a motion to dismiss require this Court to draw such inferences in the plaintiff's favor. Therefore, the Court finds that the Amended Complaint sufficiently demonstrates, barely, a "pattern of racketeering activity" sufficient to withstand a motion to dismiss.

### (iii) Enterprise

■ The Second Circuit has held that an enterprise consists of "a group of persons associated together for a common purpose of engaging in a course of conduct." *Procter & Gamble Co. v. Big Apple Industrial Buildings, Inc.,* 879 F.2d 10, 15 (2d Cir.1989), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990). An enterprise can be established by showing the existence of an "ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *U.S. v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981).

■ The Amended Complaint sufficiently alleges such an enterprise. It contends that the Town of Babylon and its leaders entered into an agreement with BSSCI and its principals to engage in the common purpose of buying and selling commercial refuse hauling services. This is an "enterprise" sufficient to satisfy the requirements of RICO. This association between the Town and BSSCI is a continuing one, and its organization is established by virtue of the terms of the contract between the two entities. Therefore, the Amended Complaint sufficiently alleges a RICO "enterprise."

### (iv) RICO conspiracy claims

The Defendants also move to dismiss ReSource's cause of action for RICO con-

spiracy pursuant to 18 U.S.C. § 1962(d). Since the Defendants' arguments that the conspiracy claim should be dismissed are grounded on the same arguments asserted in favor of dismissing the substantive RICO claims, the Court denies the motion as it relates to the conspiracy claim.

Based on the above findings, the Court concludes that the Amended Complaint sufficiently, albeit *barely,* alleges the necessary elements of a RICO claim. Therefore, the Defendants' motions to dismiss the RICO claims are denied at this early stage of the litigation.

## D. As to ReSource's claim for common law fraud

ReSource's fourth cause of action sounds in common law fraud. Specifically, the Amended Complaint alleges that "In the course of their scheme to defraud, these defendants made false statements ... to the effect that the defendant Town was seeking the lowest, most responsible bidder for the Commercial Garbage District Contract ..." and that "these defendants further failed to inform ReSource of certain material facts when they had a duty to do so...."

█ Fed.R.Civ.P. 9(b) requires that where a party alleges a cause of action for fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." To comply with Rule 9(b), a plaintiff must (i) specify the statements that the plaintiff contends were fraudulent, (ii) identify the speaker, (iii) state where and when the statements were made, and (iv) explain why the statements were fraudulent. *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir.1993) *citing Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989).

█ Again, the Court finds that the deference required to be given to a plaintiff on a motion to dismiss saves the Plaintiff from dismissal. The Amended Complaint refers to "representations of defendants Jacob and Kluesener that the Town was seeking the lowest, most responsible bidder," which were apparently made in early November 1994 at a meeting with ReSource. While the Amended Complaint fails to explicitly state why these statements are fraudulent, the Court is able to infer from the general thrust of the Amended Complaint that ReSource claims that the outcome of the bidding procedure was predetermined, and that ReSource would not be awarded the contract even if it was the lowest and most responsible bidder. Similarly, other allegations that Schaffer falsely told ReSource in a November 22, 1994 letter that bids would not be accepted after 10:00 a.m. that day, when if fact BSSCI's bid was accepted after that date, are enough to survive a motion to dismiss under the deferential standard at this stage of the case. Therefore, the Court finds that the Amended Complaint sufficiently states a cause of action for common law fraud, and the Town's motion to dismiss that cause of action is denied.

## E. As to ReSource's claim for punitive damages against the Town and its officers

█ The Town moves to dismiss ReSource's claims for punitive damages against the Town and against Defendants Schaffer, Jacob, and Kluesener in their official capacities. Punitive damages against a municipality are generally unavailable unless authorized by statute. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 259–60, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981.) Neither the Civil RICO statute nor the common law of fraud authorize the imposition of punitive damages against a municipality. Even assuming that ReSource repleads its Section 1983 equal protection cause of action successfully, the Supreme Court has previously held that Section 1983 does not authorize punitive damages against a government entity. *Newport, supra.* at 271, 101 S.Ct. 2748; *see also Morris v. Lindau,* 196 F.3d 102, 112 (2d Cir.1999).

Since suits against government officials in their official capacities are the functional equivalent of suits against the government itself, *Brandon v. Holt*, 469 U.S. 464, 471–73, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), ReSource's claim for punitive damages against Defendants Schaffer, Jacob, and Kluesener in their official capacities must be dismissed as well.

### F. Verifacts's motion for reconsideration

Verifacts were originally Plaintiffs in this case, alleging the same claims against the Defendants as ReSource relating to a contract to independently monitor the amount of commercial trash hauled pursuant to the hauling contract. This Court dismissed Verifacts' claims on the grounds of res judicata and collateral estoppel, citing a settlement between Verifacts and the Town and decision against Verifacts in prior lawsuits in State court. *See* 28 F.Supp.2d at 793–94; *see also Verifacts Group, Inc. v. Town of Babylon*, 700 N.Y.S.2d 75, 1999 WL 1241195 (2d Dept. 1999) (affirming state court finding that Verifacts' contract with Town was not ratified as required by state law). Verifacts now moves for reconsideration, claiming that government officials sued in their individual capacities are not in privity with the Town for res judicata and collateral estoppel purposes.

■ A motion for reconsideration or reargument "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995); *see also University of Cal. Press v. G.A. Ins. Co. of New York*, 1996 WL 497143 (E.D.N.Y. Aug.26, 1996), *aff'd*, 116 F.3d 466 (2d Cir.1997). It is not a vehicle to reargue those issues already considered when a party does not like the way the original motion was resolved.

*Walsh v. McGee*, 918 F.Supp. 107, 110 (S.D.N.Y.1996).

■ Verifacts' arguments that Defendants Jacob, Kluesener, and Schaffer, sued in their individual capacities, could not avail themselves of the benefits of collateral estoppel were already presented to this Court and denied. In the original opinion dismissing Verifacts' claims, this Court found that

> In this Court's opinion, it is appropriate to permit these individual defendants to invoke preclusion "even though they were not parties to the state court proceeding. Mutuality of estoppel is no longer and essential part of collateral estoppel doctrine." *Wilder v. Thomas*, 854 F.2d 605, 621 (2d Cir.1988) (citations omitted). "There is no reason in this case to permit plaintiffs to relitigate an issue that was [settled] in state court merely because they have joined additional defendants this time around...." *Id.*

28 F.Supp.2d at 793–94. From this quote, it is clear that the Court's decision was not based on a finding that the individual Defendants were in privity with the Town, but rather, that preclusion should be applied against Verifacts regardless of whether there was privity among the Defendants. While res judicata principles apply only as between the parties to an action and those in privity with them, collateral estoppel bars a party from re-litigating an issue decided in a previous lawsuit against persons who were not parties to the prior suit. *Artmatic USA Cosmetics, Inc. v. Maybelline Co.*, 906 F.Supp. 850, 856 (E.D.N.Y.1995).

Since Verifacts has not provided any controlling authority that would cause this Court to alter its conclusion that collateral estoppel principles prevent Verifacts from relitigating settled issues against new Defendants, its motion for reconsideration is denied.

### *CONCLUSION*

For the foregoing reasons, it is hereby ORDERED that the Defendants' motions

to dismiss the Third Cause of Action in the Amended Complaint, alleging violations of Section 1983, are GRANTED with leave to ReSource to replead the equal protection claim within 10 days, and that the Defendants' motions to dismiss the First, Second, and Fourth Causes of Action are DENIED. Defendants' motion to strike the claim for punitive damages against the Town and against Defendants Schaffer, Jacob, and Kluesener in their official capacities is GRANTED. Verifacts' motion for reconsideration is DENIED. The parties are directed to immediately proceed with discovery as supervised by United States Magistrate Judge Arlene Lindsay.

**SO ORDERED.**