**Steve STRINE, Plaintiff,**

v.

**MARION CENTRAL SCHOOL DISTRICT, Sodus Central School District, Defendants.**

No. 03–CV–6031L.

United States District Court, W.D. New York.

Aug. 18, 2003.

---

**12.** The Court declines to direct that the remand necessarily be referred to a different

ALJ.

Steve Strine, Williamson, NY, for plaintiff.

Patrick B. Naylon, Esq., Goldberg Segalla, LLP, Rochester, NY, Christian C. Casini, Esq., Osborn, Reed, Burke & Tobin, LLP, Rochester, NY, for defendants.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Steve Strine, appearing *pro se*, commenced this discrimination action on January 22, 2003, against two defendants: Marion Central Schools ("Marion") and Sodus Central Schools ("Sodus"). Marion has moved to dismiss the complaint, or in the alternative for summary judgment, under Rules 12 and 56 of the Federal Rules of Civil Procedure. Sodus has moved to dismiss the complaint under Rules 12(b) and 8(a)(2), or in the alternative for a more definite statement under Rule 12(e).

## BACKGROUND

Plaintiff's form complaint provides very little information about the nature of plaintiff's claim. He alleges that he was first employed by defendants (he does not specify which one) in January 2000, and that the first alleged discriminatory act occurred on October 19, 2000. He states that "many [discriminatory acts] have happened since [then]—11/15/2000, 10/17/02, 10/21/02 just to mention a few." Complaint ¶ 6.

The complaint alleges that the type of discriminatory action alleged by plaintiff is the failure to employ him. Plaintiff also alleges "false accusations against [him]— defamation of character, loss of work." Complaint ¶ 13.

In the portion of the complaint where plaintiff was asked to check whether his claim is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.;* the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.;* or the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* however, plaintiff failed to check anything. Similarly, when asked to check whether he alleged that defendants' conduct was discriminatory with respect to his race, sex, age, or other categories, plaintiff checked none of those. Under a heading instructing plaintiff to state the facts of his case, plaintiff wrote nothing.

About the only items shedding any light onto the nature of plaintiff's claims are certain documents attached to the complaint. The first of these is a copy of his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). In the letter, the EEOC investigator stated, "You have stated that you believe you were discriminated against because of your age/65 in that you were never interviewed for a substitute teacher position." Presumably, then, plaintiff is alleging age discrimination in this action as well.

The right-to-sue letter also indicates that plaintiff's administrative charge was brought only against Sodus. The caption of the letter refers to plaintiff's charge as "Steve Strine v. Sodus Central School District." It also refers throughout to "Re-

spondent," *i.e.*, the singular form of the word. And, as one of the reasons for the EEOC's conclusion that no violation had occurred, the letter states that plaintiff's "former employer, Marion Central School District, maintains that [plaintiff] was discharged from [his] job" due to certain misconduct. Although this suggests that the EEOC may have been in contact with Marion during its investigation, or that it may have reviewed documents relating to plaintiff's former employment at Marion, it does not indicate that Marion was named as a respondent in plaintiff's charge.

Plaintiff has also submitted some correspondence between him and defendants. In brief, these indicate that plaintiff left his employment at Marion in July 2000, and that shortly thereafter he applied to be listed as substitute teacher with Sodus. As the right-to-sue letter indicates, however, plaintiff was apparently never interviewed or offered a position at Sodus. An October 2002 letter to plaintiff from the principal of Sodus High School states that the principal was "not interested in interviewing [plaintiff] or recommending that [he] substitute teach in the High School." The principal declined to state his reasons for that decision.

## DISCUSSION

### I. Marion's Motion

■ Marion moves for summary judgment[1] on the ground that plaintiff never filed an EEOC charge against Marion. Under the ADEA, Title VII, and the ADA, a plaintiff may bring suit in federal court only if he has filed a timely complaint with the EEOC.[2] *See* 29 U.S.C. § 626(d); 42 U.S.C. §§ 2000e–5(e) and (f), 12117(a); *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 613 (2d Cir.1999); *Hodge v. New York College of Podiatric Medicine*, 157 F.3d 164, 167–68 (2d Cir. 1998). Exhaustion of administrative remedies through the EEOC is "an essential element" of these statutory schemes and, as such, a precondition to bringing such claims in federal court. *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir.2000).

■ As a general rule, a party not named in an EEOC charge may not be named in a subsequent discrimination suit. *Manzi v. DiCarlo*, 62 F.Supp.2d 780, 785–86 (S.D.N.Y.1999); *Brown v. City of New York*, 869 F.Supp. 158, 171 (S.D.N.Y.1994). The reason for this rule is that "the charge serves to notify the charged party of the alleged violation and also brings the party before the EEOC, making possible effectuation of the Act's primary goal of securing voluntary compliance with its mandates." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir.1999) (quoting *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982)).

Although there are some narrow exceptions to this general rule-most notably the "identity of interests" exception, *see Vital*, 168 F.3d at 619–20; *Johnson v. Palma*, 931 F.2d 203 (2d Cir.1991)-it does not appear that any exception would apply here.

---

1. I note that Marion's amended notice of motion (Docket # 12) adequately apprised plaintiff of the nature of a summary judgment motion and of the possible consequences if plaintiff failed to respond adequately. *See Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir.2001).

2. Although it appears that plaintiff is probably attempting to assert a claim only under the ADEA, I will consider Title VII and the ADA as well. Insofar as is relevant to the issues before me, however, the procedural requirements of these acts are identical, so they will be discussed collectively, and a reference to one of them will be understood to apply to the other two as well.

Even from the face of plaintiff's complaint and accompanying exhibits, it is clear that Marion and Sodus are two different school districts, and there is nothing to suggest any commonality of interests between them.

The only thing that indicates that Marion may at least have had some awareness of plaintiff's EEOC charge is the statement in the right-to-sue letter that Marion "maintains that [plaintiff] was discharged" from his employment with Marion because of misconduct. It is not evident, however, how the EEOC investigator learned of this. Marion's superintendent of schools, J. Richard Boyes, states in an affidavit that he believes that this was an error on the part of the EEOC, and that the reference in the right-to-sue letter should have been to the *Town* of Marion, with whom plaintiff was employed some time after his employment with the Marion Central School District. Docket # 7, ¶ 12.[3]

In response to Marion's motion, plaintiff states in a letter to the Court (Docket # 16) that his "claim was filed against both defendants with E.E.O.C.," although he has not submitted a copy of his EEOC complaint. He states that "[t]he E.E.O.C. assurded [sic] [plaintiff] that [the] statement [about plaintiff having been discharged for misconduct] did indeed come from Marion Central School District!"

Although the record before me contains little indication either that plaintiff did name Marion as a respondent in his EEOC charge, or that any exceptions to the general rule against suing a party who was not named in an EEOC charge would apply here, I believe that plaintiff should be permitted to supplement the record in that regard. That is particularly so given plaintiff's *pro se* status, and the Court's consequent obligation to construe his papers liberally and to reads his submissions to raise the strongest arguments they suggest. *Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir.2003). In particular, plaintiff should submit a copy of the complaint that he filed with the EEOC, if he has one. He should also submit a statement setting forth what contact, if any, he had with the EEOC after filing his charge, particularly insofar as Marion is concerned: in other words, whether his contacts or discussions with the EEOC related in any way to his employment with, or claims against, Marion. Plaintiff may also submit any other documentary evidence in his possession relating to these matters. The Court will defer deciding Marion's motion for summary judgment until after it has reviewed plaintiff's submissions.

## II. Sodus's Motion

Sodus has moved to dismiss the complaint or in the alternative, for a more definite statement. Sodus contends that the allegations of the complaint do not show that plaintiff has stated a cause of action under any federal statute, and that it is impossible even to tell what plaintiff's federal claims are. Sodus further asserts that at least some of plaintiff's claims appear to be time-barred anyway, and that to the extent that plaintiff has attempted to state a claim for defamation under state law, there is no independent basis for federal jurisdiction that would allow such claims to be brought in this Court.

---

3. Marion's attorney states in an affidavit that Marion did provide information to the EEOC with respect to plaintiff's charge against Sodus, although he does not state whether this included the statement about plaintiff being discharged for misconduct. Docket # 15, ¶ 4.

An attorney's affidavit that is not based on personal knowledge carries no weight, however. *American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 180 F.Supp.2d 420, 423 (W.D.N.Y.2001). In any event, this has no bearing on my decision here.

Under Fed.R.Civ.P. 8(a), a claim for relief must contain "a short and plain statement" of the claim. Similarly, Rule 8(e)(1) provides that each averment of a pleading is to be "simple, concise, and direct." The purpose of these rules is to give defendants fair notice of the claims the plaintiff has against them so that they can frame a meaningful response and prepare for trial. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988); *Re-Source N.E. of Long Island, Inc. v. Town of Babylon*, 80 F.Supp.2d 52, 57 (E.D.N.Y. 2000).

It is true that in matters of form, *pro se* plaintiffs are not held to as stringent a standard as attorneys. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). At the same time, however, "proceeding pro se does not relieve a plaintiff from satisfying the usual pleading requirements." *Strachova v. Metropolitan Museum of Art*, No. 98 CIV. 8505, 1999 WL 566305, at *6 (S.D.N.Y. Aug. 3, 1999), *aff'd*, 208 F.3d 204, 2000 WL 303203 (table) (2d Cir.2000).

In general, a complaint should not be dismissed due to pleading defects unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). If a pleading fails to specify the allegations in a manner that provides sufficient notice, the usual course is to require the plaintiff to provide a more definite statement of his claim. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

As is made evident by the the description of the complaint set forth above, plaintiff's complaint does not meet the requirements of Rule 8. The complaint indicates only that plaintiff is claiming *some* sort of discrimination against him by defendants because of their alleged failure to employ plaintiff. Even where plaintiff was explicitly directed to check the lines for the specific types of discrimination that he was alleging, he left them all blank. Although some additional hints about the nature of plaintiff's claims can be gleaned from the attachments to the complaint, neither the Court nor the defendants should be required to attempt to piece together these fragmentary bits of information in order to decipher what it is that plaintiff is claiming.

Plaintiff will therefore be given an opportunity to file an amended complaint with more specific allegations that make clear what type of discrimination he is alleging, and the factual basis for those allegations, *i.e.*, exactly what it is that he alleges the defendants did here. If the amended complaint again fails to comply with the pleading requirements of the Federal Rules, the complaint is subject to dismissal.[4] Plaintiff's amended complaint should also be accompanied by the items (such as his EEOC charge) discussed above with respect to Marion's motion for summary judgment.

## CONCLUSION

Defendant Sodus Central Schools' motion to dismiss or for a more definite statement (Docket # 11) is granted in part and denied in part. Plaintiff is directed to file an amended complaint in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, as set

---

**4.** Because the Court is granting Sodus's motion for a more definite statement, and in light of plaintiff's *pro se* status, I do not reach Sodus's argument that some or all of plaintiff's claims are time-barred.

forth more fully in the body of this Decision and Order, within twenty (20) days of the date of entry of this Decision and Order. Failure to do so may result in dismissal of this action.

Along with his amended complaint within twenty (20) days of entry of this Decision and Order, plaintiff is also directed to submit additional materials relating to his EEOC complaint against defendant Marion Central Schools. The Court will defer ruling upon Marion's motion to dismiss the complaint or for summary judgment (Docket # 7 and # 12) until after it has reviewed plaintiff's submissions. Again, if plaintiff fails to comply with this directive, his complaint may be dismissed.

IT IS SO ORDERED.